IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

**JERAMIE THOMPSON**, Individually and
on behalf of others similarly situated,

    Plaintiff,

    v.

**DURHAM FOODS, INC. d/b/a
ZAXBY'S RESTAURANTS,**

    Defendant.

NO. 1:22-cv-1087

FLSA Collective Action
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Jeramie Thompson ("Plaintiff"), individually, and on behalf of all other similarly situated, brings this collective action against Defendant Durham Foods, Inc., d/b/a Zaxby's Restaurants ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages owed to Plaintiff and current and former hourly-paid kitchen employees Defendant employed within the last three (3) years ("the putative class").

2. Plaintiff alleges that he and ("the putative class") were required, allowed, and/or expected to work "off the clock" and/or had part of their overtime hours "edited-out" of their pay.

1

## II. JURISDICTION AND VENUE

3. Jurisdiction is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendant in this district. In addition, Defendant has its principal offices located in this district and has conducted and continues to conduct business in this district, and has engaged and continues to engage in wrongful conduct alleged herein in this district during all times material to this cause.

## III. CLASS DESCRIPTION

5. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All individuals Defendant employed as a "full-time" hourly-paid kitchen employee for at least one week at any of its Zaxby's franchised restaurants in the United States within weekly pay periods at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV. PARTIES

6. Plaintiff Jeramie Thompson was employed by Defendant as an hourly-paid kitchen employee and worked at one of Defendant's Zaxby's franchised restaurants during all times material to this action. Plaintiff Thompson's Consent to Join this collective action is attached hereto as Exhibit A.

7. Defendant Durham Foods, Inc. is a North Carolina Corporation with its principal offices located at 3820 North Roxboro Street, Durham, North Carolina 27704. Defendant's registered agent for service of process is Charles Taylor, 592 Christopher Drive, Clayton, North Carolina 27520.

8. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this collective action lawsuit.

9. Plaintiff and all other similarly situated persons are current or former hourly-paid kitchen employees of Defendant's Zaxby's franchised restaurants.

10. Plaintiff and those similarly situated are/were "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

11. Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00 during all times material to this action.

12. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in interstate commerce.

## V. FACTS

13. Defendant owns and operates several Zaxby's franchised restaurants in North Carolina.

14. Defendant employs individuals, such as Plaintiff and the putative class, as hourly-paid kitchen employees to prepare the food at Defendant's Zaxby's franchised restaurants.

15. As "full-time" employees, Plaintiff and the putative class typically worked forty (40) or more hours per week.

16. During all times material, Defendant has had a common plan and practice of inducing, requiring, forcing, encouraging, expecting, and/or suffering and permitting Plaintiff and the putative class to work "off the clock" (during overtime hours) within weekly pay

3

periods during all times material, without compensating them for such overtime hours at the applicable FLSA overtime compensation rate of pay.

17. On information and belief, Defendant has had a de facto policy and actual practice of "editing-out" compensable overtime of Plaintiff and class members' from its time keeping system within weekly pay periods during all times material, without compensating them for such overtime hours at the applicable FLSA overtime compensation rate of pay.

18. Specifically, Plaintiff and the putative class perform work-related job tasks before the beginning of their scheduled shifts, without being compensated for such "off the clock" work time at the applicable FLSA overtime compensation rate of pay within weekly pay periods during all times material. Plaintiff and the putative class also are required and/or allowed to work through an unpaid, thirty (30) minute meal break without pay.

19. For example, Plaintiff performed such "off-the-clock" overtime work for which he was not compensated at the applicable FLSA overtime compensation rate of pay, during every week in the entire month of April of 2022, among numerous other weekly pay periods during all times material.

20. These claims are unified through common theories of Defendant's FLSA violations.

21. Defendant's violations of the FLSA were willful and/or done with reckless disregard to clearly established FLSA overtime compensation requirements.

22. Plaintiff and the putative class are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant for all such unpaid overtime.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and the putative class as collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

24. The claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

25. The unpaid overtime claims of Plaintiff and the putative class arise form Defendant's common plan and practice of not recording all their compensable hour has deprived them of earned overtime compensation.

26. Plaintiff and the putative class also are similarly situated in that their claims are unified through common theories of Defendant's FLSA violations.

27. Moreover, Plaintiff and the putative class were subject to the same operational, compensation and timekeeping policies and practices that resulted in them not being paid for all their compensable overtime hours at the applicable FLSA overtime rates of pay.

28. Plaintiff and putative class members have suffered and will continue to suffer irreparable damage from Defendant's unlawful plans and practices.

## COUNT I
## FLSA VIOLATIONS

29. Plaintiff on behalf of himself and the class, repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

30. At all times material, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. Defendant has employed Plaintiff and each of the other members of the class within the meaning of the FLSA during all times material.

32. Defendant has had a common plan and practice of willfully failing to pay Plaintiff and other members of the class for all overtime hours worked at the applicable FLSA overtime rates of pay within weekly pay periods during all times material.

33. These claims are unified through common theories of Defendant's FLSA violations.

34. At all times relevant, Defendant has had actual knowledge of failing to pay Plaintiff and other members of the class for their overtime hours at the applicable FLSA overtime rates of pay.

35. As a result of its failure to compensate Plaintiff and other members of the class for their overtime hours, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq.

36. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Defendant does not have a good faith basis for its FLSA violations, as previously described.

38. Due to its FLSA violations, Plaintiff and the putative class are entitled and, hereby seek, to recover from Defendant compensation for their unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and on behalf of himself and the putative class, requests this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this

action and permitting other members of the class to assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay;

C. An award of liquidated damages to Plaintiff and other members of the class.

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: December 14, 2022                    Respectfully Submitted,

/s/ *Karl S. Gwaltney*
Karl S. Gwaltney
**Maginnis Howard**
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Tel: (919) 526-0450
Fax: (919) 882-8763
kgwaltney@maginnishoward.com
NC Bar. No. 45118
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

&

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)*
Robert E. Turner, IV (TN BPR #35364)*
Robert E. Morelli, III (TN BPR #037004)*
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***

*\*Notice of Special Appearance Anticipated*